Opinion of the court delivered by
Judge Haywood.
This was an action of debt upon a single bill, pajm-ble twelve months after date, payable and negotiable at the Nashville Bank. The declaration did not aver a demand at the bank; and for that reason, after verdict and judgment for the plaintiff below, the cause was removed by writ of error into this court; and this omission is .stated as a groundj for reversal. If an aver *82 ment be necessary, and the truth is, that a demand ha:i n0£ j,een ma(je at the bank, the plaintiffs below will lose their debt for the mistake: for if the place be a condition precedent, so also is the time, and that part of it cannot be performed. It cannot now be demanded at the expiration of 12 months, at the bank. On the other hand, if the failure to demand, be defensive matter to be stated by the defendant in a plea of tender or readiness of the defendant at the bank, at the expiration of the 12 months mentioned in the note, such plea must be accompanied, as it seems, by a payment of the money into court, and must not he in bar of the action, but in bar of the damages and costs only. The consequence of which is, that the defendant will lose the difference of exchange between the place where the debt is made payable and the place where the defendant shall happen to be sued, besides the inconvenience of being liable to be sued in a strange land, where he may be imprisoned for want of bail. Injustice must be incurred in some degree, take which course we may. We must be governed by the law as it stood at the time of our revolution, when the act of 1778 was passed for enforcing such parts of the common law as had been in force and use before that time; that was by way of defence, and by plea of tender in bar of damages and costs, accompanied by a payment of the money into court. By taking this course, we shall avoid the immense loss which otherwise would fall upon the people of the country. For in practice, with respect to all notes heretofore made, the holder or his agent has not been personally present at the bank to make a demand, but has left his note there with the cashier to be paid; and in some instances having no immediate want of the money, has failed to do even that. If a new and different course be now considered necessary, by an alleviation of circumstances, let the legislature be applied to for such regulations in regard to future contracts, as present circumstances may demand.
Judgment affirmed.(a)

 See M’Nairy vs. Bell, Yerger’s Rep.